# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ASHLEY BEAVERS, Individually; as Representative of the Estate of Christopher Gantnier, deceased; and as Next Friend of C.A.B. and L.G.B., minors<br><br>v.<br><br>DEXKO GLOBAL, INC. and DEXTER AXLE COMPANY | Civil Action No. 4:21-cv-60<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #15). Having considered the Motion and pleadings, the Court finds it should be **DENIED**.

### BACKGROUND

On June 23, 2020, Christopher Gantnier ("Gantnier") was attempting to move a ski boat out of the maintenance garage at his place of employment, Waterski America (Dkt. #1 at p. 3). Gantnier used a tractor equipped with a trailer ball to hook up to the boat trailer (Dkt. #1 at p. 3). The boat trailer was equipped with a Trailer Buddy Model A-60 Hydraulic Brake Actuator, which uses a self-coupling coupler system to hook onto a trailer ball for towing (Dkt. #1 at p. 3). The coupler was designed and manufactured by Unique Functional Products, which was acquired by Dexter Axle Company in 2013 (Dkt. #1 at p. 3).

Gantnier hooked up the trailer to the tractor and began pulling the boat out of the garage bay (Dkt. #1 at p. 3). As he made a right hand turn out of the bay, the coupler came off from the trailer and the boat/trailer began rolling towards a group of parked boats in the yard (Dkt. #1 at p.

3). Gantnier tried to stop the boat (Dkt. #1 at p. 3). He was crushed and fatally injured (Dkt. #1 at p. 3).

On January 22, 2021, Ashley Beavers ("Beavers"), individually, as representative of the estate of Christopher Gantnier, and as Next Friend of C.A.B. and L.G.B., sued Dexko Global, Inc. and Dexter Axle Company ("Dexko") for strict liability and negligence (Dkt. #1). On April 29, 2021, Beavers filed an amended complaint (Dkt. #14)

On May 28, 2021, Defendants moved to dismiss Plaintiff's Amended Complaint (Dkt. #15). On June 11, 2021, Beavers responded (Dkt. #16). On June 18, 2021, Defendants replied (Dkt. #19).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

**ANALYSIS**

After reviewing the Motion, the pleadings, and briefing, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion.

**CONCLUSION**

It is therefore **ORDERED** that Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #15) is hereby **DENIED**.

**SIGNED this 22nd day of June, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE