# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ASHLEY BEAVERS, Individually; as Representative of the Estate of Christopher Gantnier, decease; and as Next Friend of C.A.B. and L.G.B., minors, <br><br> v. <br><br> DEXKO GLOBAL, INC., and DEXTER AXLE COMPANY. | § § § § § § § § § § § Civil Action No. 4:21-cv-00060 <br> Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion for Leave to Designate Responsible Third Party (Dkt. #26). Having considered the motion and relevant pleadings, the Court finds the motion should be **GRANTED**.

### BACKGROUND

On June 23, 2020, Christopher Gantnier ("Gantnier") attempted to move a ski boat out of the maintenance garage at his place of employment, Premier Ski Boat Corporation d/b/a Waterski America ("Waterski America") (Dkt. #1 ¶¶ 3.01–3.02). Gantnier attached the boat trailer to a tractor equipped with a trailer ball (Dkt. #1 ¶ 3.02). The boat trailer was equipped with a Trailer Buddy Model A-60 Hydraulic Brake Actuator, which used a self-coupling coupler system (the "Coupler") (Dkt. #1 ¶ 3.01). Unique Functional Products ("UFP") designed and manufactured the Coupler (Dkt. #1 ¶ 3.01). In 2013, Defendant Dexter Axle Company ("Dexter") acquired UFP (Dkt. #1 ¶ 3.01).

As Gantnier began to pull the boat out of the garage, the boat trailer detached from the tractor (Dkt. #1 ¶ 3.02). In his efforts to prevent the boat from colliding with other boats in the area, Gantnier was crushed and suffered fatal blunt force injuries (Dkt. #1 ¶ 3.02).

Plaintiff Ashley Beavers ("Beavers") individually, as representative of the estate of Christopher Gantnier, and as Next Friend of C.A.B. and L.G.B., sued Dexter and Dexko Global, Inc. ("Dexko") for strict liability and negligence (Dkt. #1).

On September 8, 2021, Defendants filed their motion seeking leave to designate Waterski America as responsible third parties (Dkt. #26). Plaintiff has not responded.

## LEGAL STANDARD

Texas Civil Practices and Remedies Code § 33.004 provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE § 33.004(a). Leave should be granted unless another party files an objection to the designation. TEX. CIV. PRAC. & REM. CODE § 33.004(f). If an objection is filed, the court should allow the designation unless the objecting party establishes:

> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. CODE § 33.004(g).

A responsible third party is defined as follows:

> [a]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. The term "responsible third party" does not include a seller eligible for indemnity under Section 82.002

TEX. CIV. PRAC. & REM. CODE § 33.011(6).

2

## ANALYSIS

Defendants contend Gantnier failed to take steps necessary to ensure safe transport, and such failure was a result of improper training (Dkt. # 26 at p. 2). Thus, Defendants assert Waterski America is a Responsible Third party because its failure to properly train and supervise its employees "caused or contributed to causing" Gantnier's injuries (Dkt. #26 at pp. 5–6). No objection has been filed. Moreover, this Court has previously decided that the state statute can be utilized in federal court. *See Dickey, et al. v. Costco Wholesale*, No. 4:09-cv-389 (Aug. 20, 2010); *see also Alvarez v. Toyota Motor Corp.*, No. 3:06-cv-0340-D, 2006 WL 1522999 *2 (N.D. Tex. May 8, 2006); *Muniz v. T.K. Stanley, Inc.*, No. L-06-cv-126, 2007 WL 1100466 *2 (S.D. Tex. Apr. 11, 2007). Having reviewed Defendants' allegations for adding Waterski America, the Court finds that these alleged facts are sufficient to permit Defendants to designate Waterski America as a responsible third party under § 33.004.

A short instruction is required before concluding. By granting the motion for leave to designate a responsible third party, Waterski America is designated as a responsible third party for purposes of Chapter 33 without further action by the Court or any party. TEX. CIV. PRAC. & REM. CODE § 33.004(h). Also, the granting of this motion for leave to Waterski America as a responsible third party "does not by itself impose liability" and "may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability . . . ." TEX. CIV. PRAC. & REM. CODE § 33.004(i). However, "[i]f being designated as a responsible third party threatens other interests, such as the responsible third party's reputation, [Waterski America] may wish to consider intervening in the lawsuit as a full fledged party . . . ." Gregory J. Lensing, *Proportionate Responsibility and Contribution Before and After the Tort Reform of 2003*, 35 TEX. TECH. L. REV. 1125, 1204 (2004).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Leave to Designate Responsible Third Party (Dkt. #26) is hereby **GRANTED**.

**SIGNED this 4th day of November, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE